Filed 4/4/22  M.M. v. S.T. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| M. M.,<br><br>             Plaintiff and Respondent,<br><br>      v.<br><br>S. T.,<br><br>             Defendant and Appellant. | C093429<br><br>(Super. Ct. No. STKCVUCH20200006228) |

Defendant S. T. appeals a civil harassment restraining order issued against her pursuant to Code of Civil Procedure[1] section 527.6.  The order prohibits defendant from harassing or contacting plaintiff M. M.  Defendant appears to argue:  (1) there was insufficient evidence to establish the necessary elements under section 527.6; and (2) the trial court erred in not allowing defendant to present evidence during the hearing and failing to consider the evidence submitted prior to the hearing.  Because the record on appeal does not include plaintiff's request for a restraining order, the exhibits in support of the request, a reporter's transcript or settled statement of the restraining order hearing, or a minute order of the hearing, we are unable to evaluate defendant's claims and must presume the trial court's findings are correct.  Therefore, we affirm.

---

[1]       Undesignated section references are to the Code of Civil Procedure.

FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal includes defendant's response to plaintiff's request for a restraining order, three declarations filed by defendant, the restraining order issued by the court, the notice of appeal, the notice designating the record on appeal, and the register of actions. Omitted from the record on appeal are plaintiff's request for a restraining order, the evidence in support of that request, the reporter's transcript or a settled statement of the restraining order hearing, and the minute order for the hearing. The following summation is based on the limited record provided.

On November 17, 2020, defendant filed a response to a request for a civil harassment restraining order. On December 28, 2020, defendant filed three declarations with the court. A hearing was held on December 29, 2020, where defendant, plaintiff, and a Spanish interpreter were present. On December 30, 2020, the trial court granted plaintiff's request for a restraining order under section 527.6 against defendant. The three-year restraining order prohibits defendant from, among other things, harassing, intimidating, threatening, or contacting plaintiff, and includes a 100-yard-stay-away order.

Defendant appeals.

DISCUSSION

I

*Sufficient Evidence Supports The Civil Harassment Restraining Order*

Defendant appears to contend insufficient evidence supports the civil harassment restraining order. Based on the limited record, we cannot agree.

Section 527.6 authorizes a person who has suffered harassment to obtain an injunction against the harassing conduct. A trial court shall issue a civil harassment restraining order if, after a hearing, it finds by clear and convincing evidence that unlawful harassment exists. (§ 527.6.) We review issuance of a civil harassment restraining order for abuse of discretion, and the factual findings necessary to support the

protective order for substantial evidence.  (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, disapproved on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.)

"It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record."  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  If a defendant "intends to raise any issue that requires consideration of the oral proceedings in the superior court," he, she, or they has the burden to provide a record of such proceedings.  (Cal. Rules of Court, rule 8.120(b).)  "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness."  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  "This presumption has special significance when . . . the appeal is based upon the clerk's transcript."  (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)  " 'It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings . . . .' "  (*Ibid.*)

Here, defendant proceeded on appeal without the reporter's transcript of the restraining order hearing or any other record of the trial court's proceedings, such as a settled statement.  In the absence of a record of the restraining order hearing, we are bound to presume sufficient evidence was presented to the trial court.  (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 186, fn. 5 [court presumed facts alleged in a request for a civil harassment restraining order were true, and a restraining order was supported by the evidence, where the record on appeal did not contain any record of the trial court hearing].)  Because we must presume sufficient evidence was presented at the hearing to support a finding of unlawful harassment, and we have no record of the hearing to evaluate the trial court's reasoning, we cannot conclude the trial court abused its discretion in issuing the restraining order as defendant argues.

II

*The Trial Court Provided Defendant Due Process*

Defendant claims the trial court deprived her of the opportunity to present evidence at the restraining order hearing.  Based on the record before us, we disagree.

Section 527.6 provides for expedited injunctive relief to victims of harassment. (*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 730.) "[A]lthough the procedures set forth in the harassment statute are expedited, they contain certain important due process safeguards.  Most notably, a person charged with harassment is given a full opportunity to present his or her case, with the judge *required* to receive relevant testimony . . . ." (*Ibid*.)  "[U]nder the express language of the statute and in accordance with the requirements of due process . . . the trial court in a harassment proceeding may not arbitrarily limit the evidence presented to written testimony only, [and thus disregard relevant oral testimony] . . . .  Both sides may offer evidence by deposition, affidavit, or oral testimony, and the court *shall receive* such evidence, subject only to such reasonable limitations as are necessary to conserve the expeditious nature of the harassment procedure set forth by . . . section 527.6." (*Schraer*, at p. 733, fn. 6.)

Here, it is unclear which type of evidence defendant is claiming she was prohibited from presenting at the hearing.  Regardless, the trial court was permitted to limit the presentation of evidence, oral or written, if it was "necessary to conserve the expeditious nature of the harassment procedure." (*Schraer v. Berkeley Property Owners' Assn.*, *supra*, 207 Cal.App.3d at p. 733, fn. 6.)  Because defendant proceeded on appeal without the reporter's transcript of the hearing or a settled statement summarizing the hearing, we are unable to evaluate the reasonableness of the limitations imposed, if any, on the presentation of evidence at the hearing.

Moreover, it appears from the clerk's transcript, defendant submitted a considerable amount of evidence in advance of the hearing.  Defendant attached numerous pages of exhibits to her response to the request for a restraining order,

4

including screenshots of social media conversations, screenshots of call logs, screenshots of writings in a note-taking application on her phone which appear to explain why defendant disagreed with previous court orders, a map of Nuevo Leon, Mexico, and an incident report prepared by the Stockton Police Department. Defendant also filed three declarations the day before the restraining order hearing, which presented the same arguments she presents on appeal. Based on this evidence, the trial court may have properly decided additional evidence at the hearing was not necessary, as "a full-fledged evidentiary hearing with oral testimony from all sides may not be necessary in all cases." (*Schraer v. Berkeley Property Owners' Assn.*, *supra*, 207 Cal.App.3d at p. 733, fn. 6.) But again, because plaintiff did not provide the request for a restraining order, the evidence present in support of the request, and a record of the restraining order hearing, we are unable to evaluate defendant's contention the trial court erroneously limited the evidence she could present.

Defendant also claims the trial court failed to acknowledge the evidence she filed with the court prior to the restraining order hearing. Defendant provides no support for this contention, and again, without an adequate record on appeal, we are unable to evaluate this claim.

## DISPOSITION

The trial court's order granting the civil harassment restraining order is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Duarte, J.

/s/_____
Hoch, J.

5